| | |
|---|---|
| Israel Meléndez Esquilín y otros<br><br>   Demandantes-Recurrentes<br><br>        v.<br><br>Centro Médico Dr. José Ramos Lebrón<br>y otros<br><br>   Demandados-Recurridos | Certiorari<br><br>2002 TSPR 67<br><br>156 DPR \_\_\_\_ |

Número del Caso: CC-2000-631


Fecha: 17/mayo/2002


Tribunal de Circuito de Apelaciones:
                    Circuito Regional VI


Juez Ponente:
                    Hon. Andrés E. Salas Soler


Abogados de la Parte Recurrente:
                    Lcda. Rosa E. Permuy Calderón
                    Lcdo. Juan R. Zalduondo Viera


Abogado de la Parte Recurrida:
                    Lcdo. Gonzalo J. Barreras Varona


Materia: Daños y Perjuicios


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Israel Meléndez Esquilín,
por sí y en representación
de la Sociedad Legal de
Gananciales que tuviere con
Gilda María Rivera Hiraldo;
y en representación de la menor
María Arelis Meléndez Rivera;
Israel Meléndez Rivera y su
esposa Egda Reyes

    Demandantes-Recurrentes

          v.

Centro Médico Dr. José Ramos
Lebrón; Dr. Ramón Paoli Bruno;
Fulana de Tal; y la Sociedad
Legal de Gananciales compuesta
por Dr. Ramón Paoli Bruno y
Fulana de Tal; Dr. Reginald
Neptune Torres; Zutana de Tal
y la Sociedad Legal de Gananciales
Compuesta por Dr. Reginald
Neptune Torres y Zutana de Tal;
XYZ Insurance Company

    Demandados-Recurridos

CC-2000-631

SENTENCIA

San Juan, Puerto Rico, a 17 de mayo de 2002

**La parte demandante peticionaria, Israel Meléndez Esquilín y otros, nos solicita la revisión de una sentencia del Tribunal de Circuito de Apelaciones el cual denegó un recurso de *certiorari* instado contra una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao (Hon. Luis A. Amoros Alvarez). Mediante dicha resolución, el tribunal de instancia resolvió que a la parte codemandada recurrida, Asociación de Garantía de Seguros Misceláneos, no le corresponde el pago de los intereses por temeridad, como tampoco de los honorarios de abogado impuesta mediante sentencia previa a su asegurado, el codemandado Dr. Reginald Neptune Torres.**

El presente caso tiene su inicio procesal el 20 de diciembre de 1991 con la presentación ante el Tribunal de Primera Instancia, Sala Superior de Humacao, de una demanda de daños y perjuicios por impericia médica al amparo del Artículo 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. § 5141, en contra del Dr. Reginald Neptune Torres, su aseguradora, Corporación Insular de Seguros, y otros.

El 21 de diciembre de 1992, se decretó la insolvencia de la Corporación Insular de Seguros[1]. La Asociación de Garantía de Seguros Misceláneos compareció en representación de Corporación Insular, a tenor con la Ley Núm. 72 de 17 de agosto de 1991, 26 L.P.R.A. § 3801 *et seq.*, y solicitó se paralizaran todos los procedimientos en los que ésta era parte. Los procedimientos en el caso de autos volvieron a restablecerse el 3 de junio de 1994, cuando la Asociación de Garantía compareció al litigio para ofrecer representación legal y cubierta al codemandado Dr. Neptune Torres, bajo la póliza emitida por la Corporación Insular de Seguros y que estaba vigente al momento de los hechos.

Luego de varios incidentes procesales y un prolongado juicio, el Tribunal de Primera Instancia dictó sentencia condenando al médico demandado y a la Asociación al pago de $250,000.00 por los daños sufridos por los demandantes más la suma de $12,000.00 en concepto de honorarios de abogado, más las costas, previa aprobación por el tribunal de memorando a tales efectos.

Inconforme con lo resuelto por instancia, la Asociación de Garantía presentó recurso de apelación ante el Tribunal de Circuito de Apelaciones el 15 de marzo de 1999. Entre los errores señalados, dicha codemandada adujo que el tribunal incidió al encontrarla temeraria y al conceder costas y gastos sin que dichas partidas fueran evidenciadas.

---

[1] El Tribunal de Primera Instancia decretó la insolvencia de la Corporación en el caso Núm. KAC 92-1745 (902) Rexach Chandri v. Corporación Insular de Seguros.

El Tribunal de Circuito de Apelaciones emitió sentencia el 10 de agosto de 1999 en la que confirmó la sentencia apelada, modificando únicamente el memorando de costas, a los fines de descontar las partidas incluidas por concepto de gastos ordinarios de oficina.[2]

Así las cosas y a los fines de ejecución de la sentencia dictada, las partes presentaron una "Moción sobre Acuerdo entre el Demandante y Codemandado, Asociación de Garantía de Seguros Misceláneos", suscrita entre ambas partes con fecha 9 de noviembre de 1999, éstas indicaron al tribunal de instancia haber acordado que la Asociación pagaría la cantidad de $99,900.00 como suma máxima[3] e informaron, además, de la existencia de una controversia a ser dilucidada por el tribunal con relación al pago de los intereses, costas y honorarios de abogado. Luego de haber celebrado una vista y de que las partes sometieran sus respectivos alegatos, el Tribunal de Primera Instancia resolvió que a la Asociación no le corresponde el pago de tales intereses por temeridad como tampoco de los honorarios de abogado impuestos por tal concepto.

Inconforme, la parte demandante acudió mediante recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones. Dicho tribunal emitió sentencia en la cual confirmó la resolución recurrida al efecto de que la Asociación no venía obligada a pagar los intereses y honorarios por temeridad en exceso del límite de la póliza que asciende a la suma de $99,900.00, y que cualquier pago por estos conceptos en exceso de la cubierta de la póliza asumida por la Asociación, correspondía al asegurado, Dr. Reginald Neptune Torres.

II

**En su primer señalamiento de error en el presente recurso aduce la parte peticionaria que incidió el tribunal apelativo al enmendar su sentencia de 10 de agosto de 1999, a pesar de que ésta era final y firme.**

---

[2] Mediante el descuento decretado por el tribunal apelativo, la partida de costas aprobada por el tribunal de instancia, la cual ascendía a la cantidad de $14,156.00, se redujo a la cantidad de $13,081.00.

**Sostiene que, habiendo la Asociación planteado ante el foro apelativo la controversia relacionada al pago de costas, honorarios de abogado e intereses y sostenido dicho tribunal la procedencia de tales partidas en dicha sentencia, la cual advino final y firme, el Tribunal de Circuito de Apelaciones estaba impedido de reexaminar y alterar su pronunciamiento anterior en virtud de la doctrina de la Ley del Caso. No le asiste la razón.**

**El señalamiento de la demandante peticionaria parte de la premisa equivocada de que el tribunal apelativo había adjudicado el planteamiento de la Asociación en torno a la improcedencia de la condena en su contra por costas, honorarios e intereses por temeridad, en virtud de las disposiciones del Código de Seguros. En esa primera ocasión, la Asociación se limitó a impugnar la imposición de honorarios, intereses y costas al asegurado Dr. Neptune Torres bajo el fundamento de que las partidas eran exageradamente altas y no habían sido evidenciadas y nada se adjudicó respecto al pago por la Asociación de tales partidas en exceso del límite de la cubierta de la póliza asumida por ésta bajo las disposiciones del Código de Seguros de Puerto Rico. Tales fueron los argumentos que fueron descartados por el tribunal apelativo, al sostener mediante su dictamen, la procedencia de la imposición de costas, honorarios e intereses al codemandado.**

En vista de lo anterior resulta improcedente el argumento de la parte peticionaria a los efectos de que el foro apelativo había resuelto la controversia en cuestión, ya que lo que tuvo ante su consideración en ambas ocasiones, tanto en la sentencia de 10 de agosto de 1999 como en la del 9 de junio de 2000, eran asuntos distintos y no mutuamente excluyentes.

III

En su segundo señalamiento de error aduce la parte demandante peticionaria, en síntesis, que incidió el Tribunal de Circuito de Apelaciones al relevar a la Asociación del pago de costas, honorarios e

---

[3] El 15 de octubre de 1999, la Asociación había consignado la referida suma de dinero ($99,900.00), conforme al Artículo 38.080(1)a(3), 26 L.P.R.A. § 3808(1)(a)(3).

intereses presentencia y postsentencia. Sostiene que procede la imposición a la Asociación del pago de tales partidas bajo la Regla 44 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 44. Le asiste la razón. Veamos.

La Ley Núm. 72 de 17 de agosto de 1991 creó la Asociación de Garantía de Seguros Misceláneos de Puerto Rico en sustitución de la anterior Asociación de Garantía de Seguros de Todas Clases Excepto Vida, Incapacidad y Salud de Puerto Rico. Dicha entidad conservó similar propósito que su antecesora, esto es, establecer un mecanismo para cuando una aseguradora adviniera insolvente, efectuar el pago de las pérdidas cubiertas bajo determinadas pólizas, con el fin de proteger a los reclamantes y asegurados bajo tales pólizas como resultado de dicha insolvencia. 26 L.P.R.A. § 3802.

La Asociación de Garantía está compuesta por todos los aseguradores autorizados o que pudieran autorizarse en el futuro, a suscribir y que suscriban dentro de Puerto Rico, seguros de todas clases excepto aquéllos determinados por la ley. 26 L.P.R.A. § 3803. Los fondos necesarios para cubrir el costo de esa protección entre los miembros aseguradores se establecen mediante la imposición de derramas a los aseguradores miembros. 26 L.P.R.A. § 3808. <u>La ley autoriza a recobrar las derramas pagadas por los aseguradores miembros de las tarifas y primas a cobrarse a los asegurados</u>. 26 L.P.R.A. § 3816.

El estatuto consignó específicamente que los derechos, poderes y obligaciones del asegurador insolvente se extienden a la Asociación hasta el límite de su responsabilidad, como si éste no estuviera insolvente. 26 L.P.R.A. § 3808. Por ello responde la Asociación por todo lo que respondería cualquier aseguradora dentro del límite estatuido, incluyendo el pago de costas, honorarios e intereses.

**Además, y conforme a nuestra reciente decisión en el caso <u>Montañéz López y otros v. Universidad de Puerto Rico y otros</u>, res. el 21 de marzo de 2002; 2002 TSPR 33, la Asociación de Garantía responde como cualquier otro litigante común por los intereses legales, (presentencia y postsentencia), las costas y honorarios de abogado que genere el pleito,**

aun cuando otorgarlos sobrepase la cantidad límite por reclamación que la Asociación está obligada a pagar.

La obligación de pagar costas y honorarios de abogado surge de la Regla 44.1[4] (a) y (d) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 44.1(a) y (d). De otra parte, los intereses por temeridad y los intereses postsentencia se conceden por virtud de la Regla 44.3[5] de Procedimiento Civil, 32 L.P.R.A. Ap. II, R. 44.3.

---

[4] **Regla 44.1  Las costas y honorarios de abogado**

(a)  *Su concesión*.- Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación, excepto en aquellos casos que se dispusiera lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento  que la ley ordena o que el tribunal, a su discreción, estima que un litigante debe reembolsar a otro.

(b)  *Cómo se concederán.-...*

(c ) *En apelación.-...*

(d)  H*onorarios de abogado*.- En caso que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta.

[5] Regla 44.3; Interés legal

(a)  **Se incluirán intereses al tipo que fije por reglamento la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras y que está en vigor al momento de dictarse la sentencia, en toda sentencia que ordena el pago de dinero, a computarse sobre la cuantía de la sentencia desde la fecha en que se dictó la sentencia y hasta que ésta sea satisfecha, incluyendo costas y honorarios de abogado.  El tipo de interés se hará constar en la sentencia.**

**La Junta fijará y revisará periódicamente la tasa de interés por sentencia tomando en consideración el movimiento en el mercado y con el objetivo de desalentar la radicación de demandas frívolas, evitar la posposición irrazonable en el cumplimiento de las obligaciones existentes y estimular el pago de las sentencias en el menor tiempo posible.**

**(b) El tribunal también impondrá a la parte que haya procedido con temeridad el pago de interés al tipo que haya fijado la Junta en virtud del inciso (a) de esta regla y que esté en vigor al momento de dictarse la sentencia desde que haya surgido la causa de acción en todo caso de cobro de dinero y desde la radicación de la demanda, en casos de daños y perjuicios, y hasta la fecha en que se dicte sentencia a computarse sobre la cuantía de la sentencia, excepto cuando la parte demandada sea el Estado Libre Asociado de Puerto Rico, sus municipios, agencias, instrumentalidades o funcionarios en su carácter oficial. El tipo de interés se hará constar en la sentencia.**

En el mencionado caso _Montañéz López y otros v. Universidad de Puerto Rico y otros_, supra, también determinamos que la Asociación no está obligada a pagar honorarios de abogado e intereses incurridos previo a la insolvencia de la aseguradora y a su comparecencia en el litigio, ya que la determinación de temeridad es una de carácter individual. Ésta sólo puede ser responsable por su propia temeridad.

IV

Con estos fundamentos en perspectiva, veamos los hechos que nos presenta la controversia de autos.

La demanda en daños y perjuicios fue presentada el 20 de diciembre de 1991. El 21 de diciembre de 1992, un año más tarde, se decretó la insolvencia de la Corporación Insular. Se paralizaron los procedimientos hasta el 3 de junio de 1994, fecha en que compareció la Asociación en representación del asegurado. De ahí en adelante el asegurado siempre estuvo representado por la Asociación de Garantía. El 3 de junio de 1997 el tribunal de instancia dictó sentencia parcial condenando al Dr. Neptune Torres tanto al pago de daños como de costas y honorarios de abogados. El tribunal apelativo, una vez impelido, rehusó expedir el auto por entender que dicho dictamen era uno interlocutorio. Así las cosas, el 16 de febrero de 1999 el tribunal de instancia emitió una sentencia final disponiendo de los asuntos ante sí. Trabada luego la controversia en cuanto a si la Asociación responde por los intereses, costas y honorarios, el 25 de octubre de 1999 la Asociación consignó en el tribunal la suma de $99,900.00.

En vista de lo anterior, procede devolver los autos al Tribunal de Primera Instancia para que determine la responsabilidad individual de la Asociación, desde el momento en que compareció al pleito y haga el correspondiente reajuste, si así lo determina, de las cantidades impuestas en concepto de honorarios de abogado e intereses por temeridad.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Corrada del Río emitió opinión concurrente en parte y disidente en parte. El Juez Asociado señor Rivera Pérez no interviene. El Juez Asociado señor Fuster Berlingeri inhibido.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo


Patricia Otón Olivieri
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Israel Meléndez Esquilín,                    *
Por sí y en representación                   *
de la Sociedad Legal de                      *
Gananciales que tuviere con                  *
Gilda María Rivera Hiraldo;                  *
y en representación de la menor              *
María Arelis Meléndez Rivera;                *
Israel Meléndez Rivera y                     *
su esposa Egda Reyes                         *
                                             *
        Demandantes-Recurrentes              *
                                             *
                v.                           *    CC-2000-631
                                             *
Centro Médico Dr. José Ramos                 *
Lebrón; Dr. Ramón Paoli Bruno;               *
Fulana de Tal; y la Sociedad                 *
Legal de Gananciales compuesta               *
por Dr. Ramón Paoli Bruno y                  *
Fulana de Tal; Dr. Reginald                  *
Neptune Torres; Zutana de Tal y              *
la Sociedad Legal de                         *
Gananciales compuesta por                    *
Dr. Reginald Neptune Torres y                *
Zutana de Tal; XYZ Insurance                 *
Company                                      *
                                             *
        Demandados-Recurridos                *
********************************

Opinión Concurrente en Parte y Disidente en Parte emitida por el Juez Asociado SEÑOR CORRADA DEL RÍO

San Juan, Puerto Rico, a 17 de mayo de 2002.

Concurrimos con la Mayoría de este Tribunal con respecto a lo resuelto en el Acápite II. No obstante, disentimos en cuanto a los Acápites III y IV por entender que la Asociación de Garantía de Seguros Misceláneos de Puerto Rico (en lo sucesivo "la Asociación") no es responsable de los honorarios de abogado, costas e intereses por temeridad sobre la partida de daños concedida por sentencia.

I

El 20 de diciembre de 1991, el Sr. Israel Meléndez Esquilín, por sí y en representación de la Sociedad Legal de Gananciales que tuviere con la Sra. Gilda María Rivera Hiraldo; y en representación de la menor María Arelis Meléndez Rivera; y el Sr. Israel Meléndez Rivera y su

esposa, Egda Reyes (en lo sucesivo "los demandantes"), instaron acción en daños y perjuicios por impericia médica contra el Centro Médico, Dr. José Ramos Lebrón;[6] el Dr. Reginald Neptune Torres y la aseguradora XYZ, entre otros.[7]

Así las cosas, el Tribunal de Primera Instancia dictó sentencia parcial el 3 de junio de 1997 condenando al Dr. Neptune Torres al pago de $250,000.00 por los daños sufridos por los co-demandantes; $12,000.00 por concepto de honorarios de abogado; más las costas, previa autorización del tribunal del memorando correspondiente. Desestimó la demanda en cuanto al codemandado, Dr. Ramón N. Paoli Bruno.

El 13 de junio de 1997, los demandantes presentaron *Memorando de Costas y Gastos*. El 18 de junio de 1997, la Asociación, en interés

---

[6] El Centro Médico, Dr. José Ramos Lebrón solicitó la desestimación, con perjuicio, de la reclamación presentada en su contra, luego de que la Corte Federal de Quiebras emitiera una orden el 24 de febrero de 1994 decretándolo insolvente. Los demandantes se allanaron a dicha solicitud, razón por la cual el tribunal de instancia emitió sentencia parcial el 21 de abril de 1994 ordenando la desestimación, con perjuicio, en cuanto al Centro Médico, Dr. José Ramos Lebrón.

[7] Originalmente, la aseguradora del Dr. Neptune Torres era la Corporación Insular de Seguros (C.I.S.). Sin embargo, surge de los autos originales del Tribunal de Primera Instancia que, mediante orden enmendada de 4 de enero de 1993, dicho foro, en el caso núm. KAC 92-1745 (902), *Ralph J. Rexach Chandri v. Corporación Insular de Seguros*, decretó la insolvencia de la C.I.S., efectiva el 21 de diciembre de 1992. A solicitud de la Asociación, se paralizaron los procedimientos en todos los casos en donde la C.I.S. era parte interesada o venía obligada a representar a una parte en el pleito.

En el presente caso, una vez la C.I.S. se acogió al proceso de liquidación, la Asociación —como continuadora de aquélla en virtud de la Ley Núm. 72 de 17 de agosto de 1991, 26 L.P.R.A. sec. 3801 *et seq.*—, compareció, por conducto del Lic. Gonzalo J. Barreras Varona, en representación del médico. Este caso se reabrió, a instancia de la Asociación, el 3 de junio de 1994, fecha en que se celebró una vista sobre el estado de los procedimientos. Culminado el descubrimiento de prueba, se

continúa...

...2 continuación

celebró el juicio en su fondo los días 18, 19, 20 y 21 de junio de 1996; 20 de noviembre de 1996 y 18 de febrero de 1997.

del Dr. Neptune Torres, se opuso aduciendo que los demandantes no justificaron ni evidenciaron tales gastos.

Inconforme con el dictamen del tribunal de instancia, el Dr. Neptune Torres compareció ante el Tribunal de Circuito de Apelaciones (el TCA) mediante dos recursos diferentes.[8] Impugnó, entre otras cosas, la concesión de costas y honorarios de abogado a favor de los demandantes. No obstante, el 27 de enero de 1998, tras consolidar ambos recursos, el foro apelativo se negó a expedir el auto por entender que el dictamen del tribunal de instancia era uno interlocutorio, por lo que no procedía considerarlos en esa etapa de los procedimientos.

A solicitud de los demandantes, el 16 de febrero de 1999, el tribunal de instancia emitió una sentencia final enmendada teniendo por desistida la causa de acción de los demandantes contra los codemandados de nombre desconocido y teniendo por desistida a la codemandante, Egda Reyes, por ésta no presentar prueba a su favor. Luego de que el tribunal de instancia dispusiere finalmente de todas las reclamaciones, la Asociación nuevamente recurrió en apelación ante el Tribunal de Circuito de Apelaciones de la sentencia que el tribunal de instancia dictó el 3 de junio de 1997. El foro apelativo emitió sentencia el 10 de agosto de 1999 confirmando el dictamen del tribunal de instancia, mediante el cual se le impuso al Dr. Neptune Torres el pago de honorarios de abogado, intereses por temeridad y costas. Sin embargo, modificó la orden de aprobación del memorando de costas en determinados renglones.

El 25 de octubre de 1999, la Asociación presentó ante el tribunal de instancia una Moción de Consignación junto a un cheque por la cantidad de $99,900.00. Solicitó que se retuviera el mismo hasta tanto se resolviera la controversia en cuanto a los honorarios de abogado,

---

[8] El Dr. Neptune Torres primero presentó un recurso de apelación. Impugnó el dictamen del tribunal de instancia, el cual declaró con lugar la demanda por impericia médica presentada en su contra y le impuso el pago de las costas y honorarios de abogado. Luego presentó una petición de certiorari cuestionando la cuantía que el tribunal de instancia aprobó por concepto de costas.

intereses por temeridad y costas. A los fines de resolver dicha controversia, el 14 de marzo de 2000, se celebró una vista ante dicho foro.

Posteriormente, mediante resolución de 23 de marzo de 2000, el Tribunal de Primera Instancia dictaminó que la Asociación no es responsable del pago de intereses por temeridad ni de los honorarios de abogado, y que dichos pagos le corresponden al Dr. Neptune Torres. Fundamentó su dictamen en lo resuelto por el TCA en el caso núm. KLCE9601112, *Velázquez Colón v. Municipio de Coamo*, en donde se planteó la misma controversia.[9]

De tal dictamen, los demandantes recurrieron ante el TCA el cual, mediante sentencia de 9 de junio de 2000, confirmó lo resuelto por el Tribunal de Primera Instancia.

Aún inconformes, los demandantes acuden ante este Tribunal señalando lo siguiente:

> (A)  Erró el Honorable Tribunal de [Circuito de] Apelaciones al enmendar su sentencia, siendo ésta final y firme.
> (B)  Erró el Honorable Tribunal de [Circuito de] Apelaciones al relevar a la Asociación de Garantía de Seguros Misceláneos del pago de costas, honorarios e intereses.

En vista de que concurrimos con la Mayoría de este Tribunal sobre lo que respecta al primer señalamiento de error, limitaremos nuestra discusión al segundo planteamiento.

## II

Los demandantes cuestionan que se relevara a la Asociación del pago de las costas, honorarios e intereses por temeridad. Sostienen que procede el pago de tales partidas, en virtud de las Reglas 44.1(d) y 44.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III. Ante este planteamiento, la Mayoría de este Tribunal incide al resolver que la Asociación responde por los intereses legales, costas y honorarios

---

[9] Allí, el foro apelativo resolvió que la Asociación no responde por los honorarios de abogado y los intereses por temeridad que le impusieron a su asegurado, ya que la obligación de pagarlos surge de la ley y no de la póliza expedida.

de abogado como cualquier otro litigante común, aunque ello implique que ésta responderá por una cuantía que excede el límite de la reclamación a la cual se obligó a pagar. La Mayoría se ampara en la norma recientemente establecida en *Montañéz López y otros v. Universidad de Puerto Rico y otros,* res. el 21 de marzo de 2002, 156 D.P.R. ___, 2002 T.S.P.R. 33, 2002 J.T.S. 40, de la cual disentimos en los Acápites pertinentes a este asunto.

La Mayoría igualmente se basa en dicho caso para erróneamente resolver que, en la situación de autos, la Asociación responderá por el pago de los honorarios de abogado e intereses incurridos, luego de la insolvencia de la aseguradora y una vez aquélla comparece en el litigio. Por los fundamentos que exponemos a continuación, disentimos.

La Ley Núm. 134 de 23 de julio de 1974 añadió los Capítulos 38 y 39 a la Ley Núm. 77 de 19 de junio de 1957, según enmendada, conocida como el Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 101 *et seq.* Bajo el Capítulo 38 se creó la Asociación de Seguros de Todas Clases, Excepto Vida, Incapacidad y Salud de Puerto Rico. Ésta es una entidad legal, sin fines pecuniarios que entra en función cuando una aseguradora autorizada a tramitar seguros en Puerto Rico es decretada insolvente por el tribunal, en cuyo caso, vendrá obligada a pagar hasta el límite de las reclamaciones cubiertas por la póliza.

En 1991, la Ley Núm. 72, *supra*, derogó los Capítulos 38, 39 y 40 de la Ley Núm. 77, *supra*, y los sustituyó por otros igualmente numerados. Surge de la Exposición de Motivos de la Ley Núm. 72, *supra*, que el propósito al derogar dicho articulado fue uniformar nuestra legislación a la Ley Modelo revisada por la Asociación Nacional de Comisionados de Seguros (NAIC por sus siglas en inglés).[10]

---

[10] En lo pertinente, la Exposición de Motivos de la Ley Núm. 72 establece:

> [c]omo la Ley Modelo revisada por NAIC está ya vigente
> o en proceso de aprobación en un número sustancial

La Ley de la Asociación de Garantía de Seguros de Louisiana (Insurance Guaranty Association Law), LSA-R.S. 22:1375 *et seq.,* está basada en la Ley Modelo de la NAIC. Al examinar detenidamente las disposiciones de la Ley de la Asociación de Garantía de Seguros de Louisiana surge que su contenido es muy similar a nuestras disposiciones sobre la Asociación de Garantía de Seguros Misceláneos de Puerto Rico. Por tanto, hacemos referencia a la jurisprudencia del estado de Louisiana, entre otros, con respecto a este asunto, por su carácter persuasivo.

El nuevo Capítulo 38 de la Ley Núm. 72, *supra*, sustituyó la anterior asociación por la Asociación de Garantía de Seguros Misceláneos de Puerto Rico, pero conservó su objetivo. Es decir, la actual Asociación viene obligada a responder por las **reclamaciones cubiertas** cuando el tribunal decreta la insolvencia de una aseguradora miembro.

El inciso (6) del artículo 38.050 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 3805, define una reclamación cubierta como:

> (6) *Reclamación cubierta.*—Significa una reclamación no pagada, incluyendo una de primas no devengadas **que surja de, y esté dentro de la cubierta** y esté sujeta a los límites aplicables de una póliza de seguro a la cual aplique este Capítulo que haya sido emitida por un asegurador conforme a lo dispuesto en este título si tal asegurador se convierte en asegurador insolvente luego de la fecha de vigencia de este Capítulo y donde:
>
> > (a) El reclamante o el asegurado sea un residente de Puerto Rico al momento en que ocurra el suceso contra el cual se asegura. Para entidades que no sean un individuo, la residencia de un reclamante o de un asegurado es el estado donde radica su sitio principal de negocio al momento de ocurrir el evento asegurado, o
> >
> > (b) La propiedad de la cual surge la reclamación está permanentemente localizada en Puerto Rico.

de los Estados, es necesario que la misma sea adoptada también en el Estado Libre Asociado de Puerto Rico mediante la sustitución de los Capítulos 38 y 39 actuales por otros igualmente numerados a tenor con [sic] la nueva legislación nacional. Leyes de Puerto Rico, 1991, pág. 320.

*Reclamación cubierta.*—**No incluirá cantidad alguna adjudicada como daños punitivos o ejemplares**; ni procurados como devolución de primas bajo un plan de tarifaje retrospectivo; ni que se deba a un reasegurador, asegurador; asociación de suscripción conjunta a asociación suscriptora por concepto de recobros por subrogación o de otro modo. (Énfasis nuestro.)

En síntesis, la obligación de la Asociación de pagar surge cuando una aseguradora miembro es declarada insolvente. Ello, claro está, siempre que la reclamación esté cubierta por la póliza contratada y se determine la responsabilidad del asegurado. Además, se colige del último párrafo del inciso 6 del artículo 38.050, *supra*, que la Asociación nunca será responsable por los "daños punitivos o ejemplares".

Los honorarios de abogado constituyen un **castigo o penalidad** para el litigante perdidoso que por su terquedad, obstinación y contumacia obliga a la otra parte a asumir las molestias e inconvenientes de un pleito. *Dpto. de Recreación y Deportes v. Asociación Recreativa Round Hill*, res. el 19 de agosto de 1999, 149 D.P.R. ___, 99 T.S.P.R. 135, 99 J.T.S. 138, pág. 29; *Rivera Rodríguez v. Tiendas Pitusa,* res. el 28 de junio de 1999, 148 D.P.R.___, 99 T.S.P.R. 103, 99 J.T.S. 107, pág. 1246. En *Ortiz v. Municipio de Lajas*, res. el 30 de marzo de 2001, 153 D.P.R. ___, 2001 T.S.P.R. 44, 2001 J.T.S. 51, pág. 1086, catalogamos los honorarios de abogado como "daños punitivos".

Con respecto a los intereses pre-sentencia, sabido es que éstos se le imponen a la parte que haya procedido con temeridad. Los intereses por temeridad, al igual que los honorarios de abogado, "tienen como propósito disuadir la litigación innecesaria y alentar las transacciones mediante la imposición de **sanciones** a la parte temeraria para compensar los perjuicios económicos y las molestias sufridas por la otra parte." *Blás Toledo v. Hospital Nuestra Señora de la Guadalupe*, res. el 30 de junio de 1998, 146 D.P.R. ___, 98 T.S.P.R. 111, 98 J.T.S. 101, pág. 1437.

El segundo señalamiento de error formulado por los demandantes suscita, pues, la cuestión de si la Asociación es responsable del pago

de los intereses por temeridad y los honorarios de abogado. De entrada, aclaramos que la obligación de pagar los intereses por temeridad proviene de la Regla 44.3(b) de Procedimiento Civil, *supra*. Por otra parte, el pago de honorarios de abogados surge en virtud de la Regla 44.1(d), *supra*. Es decir, ambas obligaciones surgen de la ley, no del contrato de seguro.[11] Véase, además, *Roldán Medina v. Serra*, 105 D.P.R. 507, 515 (1976).

La Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico resolvió en *García v. Rivera*, 879 F.Supp. 170, 173 (D.Puerto Rico 1995) que el último párrafo del inciso (6) del artículo 38.050 del Código de Seguros de Puerto Rico, *supra*, claramente expresa que las cantidades adeudadas a una aseguradora no constituyen una reclamación cubierta. Asimismo, resolvió que no existe fundamento en ley para concluir que una aseguradora tiene derecho a recobrar de la Asociación de Garantía de Seguros de Puerto Rico los honorarios de abogado en los que incurrió en la defensa de su asegurado. A esos efectos la Corte apuntó que:

> [a]s can be ascertained, the drafters of the Insurance Code specifically excluded amounts owed to insurance companies from the definition of what would constitute a "covered claim" under the statute. Thus, following the plain language of this section of the Insurance Code, we find that National Union's Third-Party Complaint for recovery of attorneys' fees lacks a basis in law and is therefore unwarranted.

La Corte Suprema de Louisiana resolvió en *Bowens v. General Motors Corp.,* 608 So.2d 999, 1005 (La. 1992), que la obligación de la aseguradora insolvente de pagar penalidades y honorarios de abogado no surge, ni está dentro, de los términos de la cubierta de la póliza de seguro. Resolvió, asimismo, que tampoco es una obligación por la cual la Asociación de Garantía de Seguros de Louisiana (LIGA) responderá, en representación de una aseguradora insolvente.

---

[11] Sobre este punto, véase lo resuelto en *Gauthier v. Champion Insurance Company*, 583 So.2d 556, 558 (La.App.3 Cir. 1991). En dicho caso la Corte de Apelaciones de Louisiana aclaró que una obligación

En *City of Greensboro v. Reserve Ins. Co.*, 321 S.E.2d 232 (N.C.App. 1984), la Corte de Apelaciones de Carolina del Norte resolvió que una Asociación de Garantía de Seguros no es la sucesora legal de una aseguradora insolvente. Por el contrario, dicha asociación viene obligada a pagar las reclamaciones sólo hasta el límite de la cubierta de la póliza, lo cual nunca excederá del límite de la obligación de la aseguradora insolvente, conforme al contrato de seguro a favor del reclamante.[12]

Surge claramente del artículo 38.050 del Código de Seguros, *supra*, que los honorarios de abogado y los intereses por temeridad no son una reclamación cubierta por la cual la Asociación deberá responder. Tanto la obligación de pagar honorarios de abogado como la de pagar intereses por temeridad surgen de las Reglas 44.1(d) y 44.3(b) de Procedimiento Civil, *supra*. *Roldán Medina v. Serra*, supra. Si el legislador hubiese querido obligar a la Asociación al pago de tales partidas, las hubiese incluido en el artículo 38.050 como una reclamación cubierta.

Conforme al artículo 38.080 del Código de Seguros, 26 L.P.R.A. sec. 3808, la Asociación está obligada a pagar sólo hasta el límite de la cubierta. En lo pertinente, el inciso (a)(2) de ese artículo dispone que la Asociación "[s]e considerará como el asegurador hasta el límite de su obligación en las reclamaciones cubiertas y hasta el límite tendrá todos los derechos, poderes y obligaciones del asegurador insolvente como si éste no estuviere insolvente."

En el presente caso, si bien es cierto que la Asociación asumió las obligaciones de la aseguradora insolvente, no es menos cierto que la Asociación no debe responder en exceso de los límites de la cubierta. Evidentemente, los honorarios de abogado y los intereses por temeridad que el tribunal de instancia le impuso al Dr. Neptune

---

que emana de un estatuto punitivo es distinta y separada de una que surja de la póliza de seguro.

[12] Véase, además, *Vaughn v. Vaughn,* 597 P.2d 932, 934 (Wash.App. 1979).

Torres no son una reclamación cubierta, a tenor del artículo 38.050 del Código de Seguros, *supra*. Por tal razón, imponerle a la Asociación la obligación de pagar tales partidas desvirtuaría el claro propósito de la ley.

Por los fundamentos aquí expresados, concurrimos con la parte del dictamen de la Mayoría que resuelve que la sentencia del Tribunal de Circuito de Apelaciones de 9 de junio de 2000 no tuvo el efecto de enmendar la emitida por dicho foro el 10 de agosto de 1999. Disentimos en lo que respecta a imponerle a la Asociación de Garantía de Seguros Misceláneos de Puerto Rico el pago de honorarios de abogado, costas e intereses legales, aun en exceso de los límites de la cubierta.

Por todo lo antes expuesto confirmaríamos el dictamen del Tribunal de Circuito de Apelaciones y del Tribunal de Primera Instancia que resuelven que el Dr. Neptune Torres, y no la Asociación, responderá por los honorarios de abogado, las costas y los intereses por temeridad, sin necesidad de devolver este asunto al tribunal de instancia, como lo hace hoy una Mayoría de este Tribunal.


BALTASAR CORRADA DEL RÍO
Juez Asociado