JOSÉ R. CANCIO GONZÁLEZ, *Ex parte*, peticionario.

*Número:* CC-2002-223        *Resuelto:* 29 de marzo de 2004

*José R. Cancio González, pro se.*

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El 1ro de noviembre de 2001 el Sr. José R. Cancio González, aquí peticionario, presentó ante el Tribunal de Primera Instancia, Sala Superior de Aguadilla, una petición "general" solicitando la renovación de su licencia para portar, transportar y conducir armas de fuego.[1] Cancio Gon-

---

[1] La primera licencia para portar armas de fuego concedida al señor Cancio González fue emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, el 9 de agosto de 1999. Según disponía la anterior Ley de Armas de Puerto Rico,

zález cumplía, prima facie, con *todos* los requisitos dispuestos en la Ley de Armas de Puerto Rico, Ley Núm. 404 de 11 de septiembre de 2000 (25 L.P.R.A. sec. 455 *et seq.*) (Ley Núm. 404);([2]) sin embargo, el foro de instancia *denegó* su solicitud mediante una resolución emitida el 16 de noviembre de 2001.

Al así resolver, el referido foro concluyó que el Art. 2.05(a) de la Ley Núm. 404, ante, 25 L.P.R.A. sec. 456d(a), no permite la concesión de un permiso para portar, transportar y conducir "todas" las armas legalmente poseídas por el concesionario. En tal virtud, el foro de instancia le ordenó al peticionario que indicara

> ... cualquiera de las [armas] que pose[e] —una de ellas— de manera que sobre *esa* arma en particular se expediría el permiso de portar, transportar y conducir siempre que cumpl[iera] los demás requisitos de ley. (Énfasis en el original.) Apéndice, pág. 38.

Se le concedió a Cancio González un término adicional de veinte días para que presentara una petición enmendada.

Es importante señalar que en la resolución emitida por el foro de instancia se hizo referencia a la Orden Administrativa Núm. 26 de 10 de abril de 2001 emitida por el entonces Juez Administrador de la Región Judicial de Aguadilla, Hon. Luis Rivera Román. En la referida orden, específicamente en su inciso (14), se dispuso que en toda solicitud de licencia para portar, transportar y conducir armas de fuego debe incluirse una "[d]escripción completa del arma —pistola o revolver— a portarse, incluyendo su número de serie, marca, modelo, tamaño del cañón, color, e

---

Ley Núm. 17 de 19 de enero de 1951 (25 L.P.R.A. sec. 411 *et seq.*), la vigencia de esta licencia era de tres años, contados a partir de la fecha de su expedición. Véase 25 L.P.R.A. sec. 431.

([2]) En su solicitud, el señor Cancio González informó, entre otras cosas, que es mayor de 21 años, que no ha sido convicto de ningún delito ni su tentativa, que no está bajo una orden del tribunal que le prohíba acosar, espiar, amenazar o acercarse a persona alguna, que no tiene un historial de violencia y que no es ebrio habitual ni ha sido declarado incapaz mental por un tribunal.

identificación particular si alguna". Apéndice, pág. 40. En virtud de lo anterior fue que el foro de instancia entendió que estaba impedido de conceder al peticionario una licencia de portación "general" que comprendiera todas las armas legalmente poseídas.

Inconforme con la determinación del foro primario, el señor Cancio González acudió, vía recurso de *certiorari*, ante el Tribunal de Apelaciones, cuestionando la validez legal de la Orden Administrativa antes mencionada. Mediante resolución emitida el 21 de febrero de 2002, el foro apelativo intermedio *denegó* el auto solicitado. Entendió que la orden emitida por el Juez Administrador de la Región Judicial de Aguadilla constituía un mecanismo válido para proveer criterios "adicionales" para la sana administración y el funcionamiento de las distintas salas de dicha región. Según señaló, con su resolución el referido foro lo único que persigue es "implantar la ley de manera eficiente".

Insatisfecho, el señor Cancio González acudió —vía *certiorari*— ante este Tribunal imputándole al Tribunal de Circuito haber errado al

> ... concluir que el párrafo catorce (14) de la Orden Administrativa Núm. 26 del Tribunal de Primera Instancia del Tribunal de la Región Judicial de Aguadilla es conforme a la ley y a derecho y que el peticionario en su solicitud del permiso de renovación de portación de armas tiene que describir un arma en particular para únicamente poder portar esa arma que describió. Petición de *certiorari*, pág. 4.

*Expedimos* el recurso. Contando con la comparecencia del peticionario y del Procurador General de Puerto Rico, y estando en posición de resolver el recurso presentado, procedemos a así hacerlo.

## I

La Ley Núm. 404, ante, mejor conocida como la Ley de Armas de Puerto Rico, fue creada con el propósito

principal de lograr una solución efectiva al problema del control de armas de fuego en manos de delincuentes en Puerto Rico, el cual, según dispuso expresamente el legislador, constituye una "vertiente directa de la actividad criminal".(3) Véase Exposición de Motivos de la Ley Núm. 404, ante, 2000 (Parte 3) Leyes de Puerto Rico 2600. Esta pieza legislativa contiene disposiciones innovadoras que "responden al interés apremiante del Gobierno de Puerto Rico en lograr una ley cuya implantación permita a las agencias del orden público ser más efectivas en la lucha contra el crimen." Íd., pág. 2602. A tales efectos, la Ley orienta a las personas autorizadas en Puerto Rico a manejar armas de fuego para que lo hagan responsablemente y, a su vez, apercibe al delincuente de las serias consecuencias de incurrir en actos criminales utilizando armas de fuego. La Ley creó, además, un sistema de registro electrónico con el fin de facilitar la inscripción de todas las transacciones de armas de fuego y municiones que realicen los concesionarios de "licencias de armas" en Puerto Rico.

En lo que respecta al asunto específico ante nuestra consideración —esto es, los requisitos que debe observar toda persona al momento de solicitar un permiso para portar, transportar o conducir armas de fuego en Puerto Rico— la Ley establece, en su Art. 2.05(a), ante, que para obtener este permiso es necesario que el solicitante posea una "licencia de armas"(4) y que demuestre, ante la Sala

---

(3) Así surge de lo expresado en la Exposición de Motivos de dicha ley, donde, en lo aquí pertinente, se dispuso que:

"Las armas de fuego cuya tenencia es ilegal han sido traídas de forma clandestina desde otras jurisdicciones, y algunas han sido adquiridas durante escalamientos o robos al Gobierno y a los hogares o negocios de dueños debidamente autorizados para la tenencia de las mismas en Puerto Rico. Estas armas son utilizadas durante la comisión de todo tipo de actos criminales, situación que hace necesario adoptar medidas legislativas cuya naturaleza sancionadora constituya un eficaz disuasivo al delincuente." 2000 (Parte 3) Leyes de Puerto Rico 2601–2602.

(4) Esta licencia será representada por un carné electrónico, el cual permitirá lograr acceso al sistema de registro de la Policía de Puerto Rico. 25 L.P.R.A. sec. 456. La ley dispone que mientras se implemente este sistema de registro electrónico, los concesionarios recibirán un carné provisional.

con competencia del Tribunal de Primera Instancia, que teme por su seguridad. En estos casos, el peticionario deberá presentar, junto con su solicitud de portación, el recibo de un comprobante de rentas internas por la cantidad de doscientos cincuenta dólares a favor del Superintendente de la Policía[5] y una certificación expedida por un oficial autorizado de un club de tiro en Puerto Rico al efecto de que el peticionario ha aprobado un curso en el uso y manejo correcto y seguro de armas de fuego. De acuerdo con lo dispuesto en el mencionado Art. 2.05(a), los requisitos exigidos para la aprobación de la "licencia de armas" —según surgen del Art. 2.02 de la Ley Núm. 404, ante, 25 L.P.R.A. sec. 456a— también serán considerados por el foro de instancia al momento de evaluar la concesión de este permiso.[6]

Luego de evaluar los requisitos antes mencionados, si el

---

[5] Este comprobante deberá haber sido presentado previamente al Superintendente de la Policía.

[6] Algunos de estos requisitos son:

"(1) Haber cumplido veintiún (21) años de edad.

"(2) Tener un certificado negativo de antecedentes penales expedido no más de treinta (30) días previo a la fecha de la solicitud y no encontrarse acusado y pendiente o en proceso de juicio por algunos de los delitos enumerados en la sec. 456j de este título o sus equivalentes, tanto en Puerto Rico, los Estados Unidos o el extranjero.

"(3) No ser ebrio habitual o adicto a sustancias controladas.

"(4) No estar declarado incapaz mental por un tribunal.

"(5) No incurrir ni pertenecer a organizaciones que incurran en actos de violencia o dirigidos al derrocamiento del gobierno construido.

"(6) No haber sido separado de las Fuerzas Armadas bajo condiciones deshonrosas, o destituido de alguna de las agencias del orden público del Gobierno de Puerto Rico o sus municipios.

"(7) No estar bajo una orden del tribunal que le prohíba acosar, espiar, amenazar o acercarse a un compañero íntimo, alguno de los niños de ese compañero o a persona alguna, y no tener un historial de violencia.

"(8) Ser ciudadano de los Estados Unidos de América o residente legal de Puerto Rico.

"(9) No ser persona que, habiendo sido ciudadano de los Estados Unidos alguna vez, renunció a esa ciudadanía.

"(10) Someter una declaración jurada atestiguando el cumplimiento con las leyes fiscales; estableciéndose que será razón para denegar la expedición de la licencia solicitada o para revocar ésta el que el peticionario haya incumplido con las leyes fiscales del Estado Libre Asociado de Puerto Rico.

.　　　.　　　.　　　.　　　.　　　　　　　.　　　.

foro de instancia determina que no existe causa justificable para denegar el permiso solicitado, concederá autorización al Superintendente de la Policía para incluir en la licencia de armas del peticionario, la cual estará representada por un carné electrónico, un "permiso de portación", 25 L.P.R.A. sec. 456d(a). En el referido permiso se hará constar la categoría de portar, según lo establecido en el Art. 2.05(d) de la Ley Núm. 404, ante. Este permiso tendrá una duración sujeta a la vigencia de la licencia de armas, y podrá renovarse por términos consecutivos de cinco años junto con la licencia de armas.[7] 25 L.P.R.A. sec. 456d(b).

Es importante señalar que esta licencia de armas faculta al concesionario a ser propietario de un máximo de dos armas de fuego,[8] salvo lo dispuesto en la propia ley de armas sobre adquisiciones por vía de herencia o que el concesionario posea un permiso de tiro al blanco o de caza, *en cuyo caso no habrá límite establecido*. Estas armas deberán estar debidamente inscritas en el sistema de registro a

---

"(13) Someter su solicitud cumplimentada bajo juramento ante notario, acompañada de una muestra de sus huellas digitales, tomada por un técnico de la Policía de Puerto Rico o agencia gubernamental estatal o federal competente, y acompañada de dos (2) fotografías de dos (2) pulgadas por dos (2) pulgadas de tamaño, a colores, suficientemente reciente como para mostrar al peticionario en su apariencia real al momento de la solicitud.

"(14) Someter una certificación negativa de deuda de la Administración para el Sustento de Menores ...." 25 L.P.R.A. sec. 456a.

[7] Este permiso podrá ser renovado concurrentemente con el procedimiento de renovación de la licencia de armas; en este caso el peticionario deberá presentar al Superintendente un comprobante de cien dólares a favor del Superintendente y una petición jurada en la que se haga constar que las circunstancias que dieron lugar a la concesión original de la licencia aún prevalecen al momento de presentarse la solicitud. En el caso de existir algún cambio, éste deberá ser justificado previo a la concesión de la renovación. El Superintendente notificará la renovación del permiso de portar armas al tribunal dentro de un término de treinta días. En estos casos, deberá incluirse una declaración jurada a los efectos de que el solicitante cumple con todos los requisitos establecidos en el Art. 2.02(a) de la Ley de Armas de Puerto Rico (25 L.P.R.A. sec. 456a(a)) y que todo el contenido de la solicitud es correcto y cierto. El tribunal, motu proprio o a solicitud del Ministerio Público, podrá celebrar una vista si lo estima necesario, para determinar si las condiciones que dieron lugar a la concesión de la licencia aún prevalecen. 25 L.P.R.A. sec. 456d(a).

[8] Bajo el nuevo esquema establecido en la nueva ley, todo concesionario, que no posea a su vez un permiso de tiro al blanco o de caza, podrá ser propietario de un máximo de dos armas de fuego sin que importe en qué capacidad —jefe de familia, comerciante o agricultor— las poseerá.

cargo de la Policía de Puerto Rico. Por otro lado, la Ley Núm. 404 también restringe el número de armas que un concesionario puede *portar* al disponer, en su Art. 2.02(d)(4), que

> [e]l concesionario sólo podrá transportar un arma de fuego a la vez, salvo los concesionarios que posean a su vez permisos de tiro al blanco o de caza, quienes no tendrán limitación de cantidad para portar armas de fuego en su persona mientras se encuentren en los predios de un club de tiro autorizado o en aquellos lugares donde se practique el deporte de caza, en conformidad a las leyes aplicables. 25 L.P.R.A. sec. 456a(d)(4).

## II

Como señaláramos, en el presente caso el Sr. José R. Cancio González solicitó ante el Tribunal de Primera Instancia, Sala Superior de Aguadilla, la renovación de su permiso para portar, transportar y conducir armas de fuego. A pesar de que Cancio González cumplió con todos y cada uno de los requisitos discutidos en el acápite que antecede, el foro de instancia denegó su solicitud bajo el fundamento de que éste no especificó para cuál de las armas que posee era que solicitaba el permiso de portación. Según dispuso el referido foro, lo cual fue avalado por el Tribunal de Apelaciones, la Orden Administrativa Núm. 26 de 10 de abril de 2001 —aprobada por el Juez Administrador de la Región Judicial de Aguadilla— exige que se describa detalladamente el arma para la cual el peticionario solicita el permiso de portación, pues, según se dispuso, es sobre *esa* arma en particular que deberá expedirse dicho permiso.

La claridad con que la Ley atiende el presente asunto nos impide avalar los dictámenes emitidos por ambos foros inferiores. Veamos.

De entrada, precisa que señalemos que el Art. 21 de la anterior Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 431, *establecía*, tal y como sostienen ambos foros inferiores, que las licencias para portar, transportar y conducir armas de

fuego concedidas por los tribunales debían contener una descripción específica del arma cuya portación se autorizaba, con expresión del número de serie de ésta.[9] Esto es, en la resolución que emitía el foro de instancia a los fines de conceder una licencia para portar armas de fuego debía incluirse una descripción específica del arma cuya portación se autorizaba. Ello necesariamente implicaba que en su solicitud el peticionario debía indicar —y describir— el arma que interesaba portar.

Ahora bien, con la aprobación de la nueva Ley de Armas de Puerto Rico en el 2000, *este artículo quedó derogado, promulgándose en su lugar el Art. 2.05 de la Ley Núm. 404, ante.* En este artículo el legislador dispuso, en lo aquí pertinente, que:

> La Sala con competencia del Tribunal de Primera Instancia concederá, de no existir causa justificable para denegarlo, autorización al Superintendente para incluir en el carné del peticionario un permiso para portar, transportar y conducir *cualquier pistola o revólver legalmente poseído*, previa audiencia con el Ministerio Público, a toda persona poseedora de una licencia de armas que demostrare temer por su seguridad. (Énfasis suplido.) 25 L.P.R.A. sec. 456d.

■ Como vemos, la nueva ley *no* exige que se describa detalladamente el arma específica sobre la cual habrá de expedirse el permiso de portación de armas. La disposición estatutaria antes citada es clara al disponer expresamente que el permiso recaerá sobre "cualquier pistola o revólver legalmente poseído" sin que sea necesario especificar arma alguna. Es más, el Art. 2.01 de la Ley Núm. 404, ante, 25 L.P.R.A. sec. 456, *especifica* que en el carné electrónico que se emite en representación de la licencia de armas *no podrá hacerse mención alguna sobre el tipo de arma que el*

---

[9] Esta información también debía ser incluida en las licencias para tener y poseer armas de fuego expedidas por el Superintendente de la Policía. 25 L.P.R.A. sec. 429.

*concesionario está autorizado a poseer o a portar.*([10]) Esta información, según surge de lo dispuesto en el referido artículo, sólo podrá ser obtenida a través de los sistemas de información a cargo de la Policía de Puerto Rico.

Vemos, pues, que el procedimiento prescrito por la nueva ley de armas, para obtener un permiso de portación de armas, es sencillo. La persona deberá tener una "licencia de armas", la cual lo faculta para "poseer" legalmente armas de fuego.([11]) 25 L.P.R.A. sec. 456a(d). Ahora bien, si el concesionario desea, a su vez, portar o transportar alguna de estas armas, entonces deberá solicitar ante la Sala del Tribunal de Primera Instancia que corresponda un permiso de portación.([12]) Este permiso, de ser concedido, facultará al concesionario a portar *cualquiera* de las armas cortas legalmente poseída, *estando limitada dicha portación a un arma de fuego a la vez.* Del mismo modo, este permiso permite que las personas que, a su vez, poseen un permiso de tiro al blanco —y posean legalmente armas cortas— puedan portar una de ellas a la vez.

Es evidente que el propósito del legislador al crear este nuevo sistema de concesión de "licencias de armas" fue establecer un mecanismo mediante el cual los permisos para portar, transportar o conducir armas de fuego en Puerto Rico fueran otorgados en virtud del individuo que

---

([10]) En lo aquí pertinente, el referido artículo dispone que "[e]l carné no contendrá la dirección del peticionario ni mención de sus armas o municiones autorizadas a comprar, pero el registro electrónico de la Policía contendrá y suministrará a sus usuarios tal información". 25 L.P.R.A. sec. 456.

([11]) Como señaláramos, la norma general es a los efectos de que el concesionario sólo podrá ser propietario de un máximo de dos armas cortas. La excepción a esta norma se activa en los casos en que el concesionario posee, a su vez, un permiso de tiro al blanco o de caza, o ante adquisiciones por vía de herencia. En estos casos, según dispone expresamente la ley, "no habrá límite establecido" en cuanto al número de armas cortas que el concesionario pueda poseer. 25 L.P.R.A. sec. 456a(d).

([12]) En su Art. 2.04 (25 L.P.R.A. sec. 456c), la Ley de Armas de Puerto Rico de 2000 exime de este requisito a los funcionarios públicos allí enumerados, disponiéndose que en estos casos el Superintendente establecerá un procedimiento expedito mediante el cual otorgará a éstos una licencia de portación de armas especial sin necesidad de que tengan que solicitarla ante el Tribunal de Primera Instancia.

los solicita y no en consideración al arma para el cual se solicitan. Esta conclusión surge claramente de las expresiones vertidas en el hemiciclo de la Cámara de Representantes por el legislador Sánchez Fuentes durante la discusión del proyecto de ley P. de la C. Núm. 3447, el cual luego se convirtió en la referida Ley Núm. 404, hoy bajo análisis. En esta ocasión el referido legislador, quien fue el propulsor de esta medida, explicó que la nueva ley está enfocada a "que la licencia se conceda en virtud del individuo, de la persona, de los méritos de la persona y no en virtud del arma". Véase Discusión del P. de la C. 3447, Diario de Sesiones de 23 de junio de 2000.

■ Si la intención del legislador al promulgar la Ley Núm. 404, ante, fue conceder, mediante la aprobación de un permiso de portación, la facultad de portar o transportar *cualquiera* de las armas que el concesionario posea legalmente, los tribunales estamos *impedidos* de limitar o restringir dicha facultad. Es más, aun si entendiéramos que el mecanismo propuesto por la Legislatura no es el adecuado, definitivamente no le correspondería a la Rama Judicial enmendarlo o corregirlo. En innumerables ocasiones hemos señalado que los tribunales *no* podemos, en nuestra función interpretativa, añadir condiciones o restricciones que no fueron previstas por el legislador al momento de promulgar la legislación bajo análisis. *Com. Pro Perm. Bda. Morales v. Alcalde*, 158 D.P.R. 195 (2002); *Román v. Superintendente de la Policía*, 93 D.P.R. 685, 688 (1966); *Meléndez v. Tribunal Superior*, 90 D.P.R. 656, 660–61 (1964).

■ Asimismo, hemos expresado que cuando la letra de una ley no tiene ambigüedades y su lenguaje es claro y sencillo, como en efecto ocurre en el caso de autos, los tribunales no están autorizados a adicionarle limitaciones o restricciones que no aparezcan en su texto. Íd. El alcance de un estatuto, cuyo lenguaje es sencillo y absoluto, no puede ser restringido interpretándolo como que provee

algo que el legislador no intentó proveer. Ello, sin lugar a dudas, equivaldría a invadir las funciones de la Asamblea Legislativa. *Juarbe v. Registrador*, 156 D.P.R. 387 (2002); *Caguas Bus Line v. Sierra, Comisionado*, 73 D.P.R. 743, 750 (1952).

■ Del mismo modo, debemos rechazar la práctica de utilizar el mecanismo de las órdenes administrativas para enmendar o limitar el alcance de las leyes aprobadas por la Asamblea Legislativa. La facultad que tiene el Juez Administrador de cada Región Judicial de aprobar y hacer cumplir las órdenes administrativas está claramente delimitada por las Reglas para la Administración del Tribunal de Primera Instancia de 1999, las cuales, en lo aquí pertinente, disponen que éstos podrán

> [a]probar y hacer cumplir las órdenes administrativas que atiendan las necesidades particulares de la región judicial que promuevan la mayor uniformidad administrativa en ésta y que sean conforme con las leyes, las normas o reglamentaciones aplicables. 4 L.P.R.A. Ap. II-B, R. 7.

Avalar la actuación *ultra vires* del Juez Administrador de Aguadilla en el presente caso tendría el efecto práctico de permitir que en cada una de las Regiones Judiciales del País existieran requisitos distintos a los exigidos por ley para solicitar u obtener un permiso de portación de armas. Ello, a su vez, afectaría la uniformidad que debe existir en todos los procedimientos que se llevan a cabo en nuestros tribunales.

*En virtud de lo antes expuesto, hoy concluimos que la Ley de Armas de 2000 no limita el permiso para portar, transportar o conducir un arma de fuego a un arma en específico, según contemplado en el Art. 2.05 de la Ley Núm. 404, ante.* Este permiso se concede en virtud de los méritos y las cualidades del solicitante, y no en consideración de las armas específicas que éste posea. Una vez los tribunales deciden que el solicitante cualifica para obtener un permiso de portación de armas, éstos deberán conce-

derle al Superintendente una autorización para que incluya en el carné del peticionario un permiso para portar, transportar y conducir *cualquier pistola o revólver legalmente poseído*. La única limitación que tendrá el concesionario es a los efectos de que no podrá, excepto bajo ciertas y determinadas excepciones, portar más de un arma a la vez.

## III

En mérito de lo anterior, *procede revocar la resolución emitida por el Tribunal de Apelaciones, confirmatoria de la emitida por el foro primario, y devolver el caso al Tribunal de Primera Instancia, Sala Superior de Aguadilla, para procedimientos ulteriores compatibles con lo aquí resuelto.*

*Se dictará sentencia de conformidad.*

La Jueza Presidenta Señora Naveira Merly concurrió con el resultado sin opinión escrita. El Juez Asociado Señor Fuster Berlingeri no intervino.