Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| WILLIAM GARCÍA ALFONSO<br><br>Parte Apelante<br><br>v.<br><br>NEGOCIADO DE LA POLICÍA DE PUERTO RICO<br><br>Parte Apelada | TA2025AP00499 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: AG2023CV01344<br><br>Sobre: Revisión Administrativa, Ley de Armas |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de enero de 2026.

Comparece ante este foro revisor, el Sr. William García Alfonso (señor García Alfonso o apelante) y nos solicita que revisemos la *Sentencia Sumaria* emitida el 30 de septiembre de 2025, pero notificada el 1 de octubre del mismo año, por el Tribunal de Primera Instancia (TPI), Sala Superior de Aguadilla. Mediante el referido dictamen, el tribunal de instancia declaró *Ha Lugar* la solicitud de sentencia sumaria presentada por el Estado Libre Asociado de Puerto Rico, en representación del Negociado de la Policía de Puerto Rico, y, en consecuencia, desestimó el recurso de revisión administrativa instado por el señor García Alfonso.

Por los fundamentos que expondremos a continuación, se *confirma* la *Sentencia Sumaria* apelada.

**I.**

El caso de autos se originó el 6 de septiembre de 2022, cuando el señor García Alfonso instó una solicitud de licencia de armas al amparo de la Ley Núm. 168 de 11 de diciembre de 2019, mejor conocida como la "Ley de Armas de Puerto Rico de 2020", 25 LPRA sec. 461 *et seq.* (Ley de Armas).

Posteriormente, el 29 de junio de 2023, el Negociado de la Policía de Puerto Rico (Negociado) le notificó al señor García Alfonso una comunicación escrita mediante la cual denegó su solicitud. El Negociado fundamentó su determinación en el Art. 2.02(d)(3) de la Ley de Armas, *supra.* Razonó que, debido a que al realizar una búsqueda en los archivos digitales, se obtuvo un resultado que reflejó la convicción de delito grave, el señor García Alfonso no cumplía con los requisitos establecidos en la referida ley para la expedición de una licencia de armas.

Agotado el trámite administrativo ante el Negociado, mediante una reconsideración que no fue atendida, el señor García Alfonso acudió al foro de instancia a través de la presentación un *Recurso de Revisión* el 23 de agosto de 2023. En su recurso, explicó que el Negociado denegó su solicitud de licencia de armas basado en el Art. 2.03(d)(3) de la Ley de Armas, *supra,* al concluir que no cumplía con los requisitos establecidos en Ley, debido a que "luego de una búsqueda en los archivos digitales, la misma reflejó convicción de delito grave". Señaló que no podía usarse dicha convicción para negarle su solicitud, pues esta había sido eliminada el 3 de enero de 2020, mediante el proceso judicial de eliminación de antecedentes penales. Asimismo, sostuvo que, en virtud de la jurisprudencia federal, se había reconocido un derecho fundamental e individual a portar y poseer armas de fuego. Por ello, reiteró que cumplía con los requisitos de ley, tanto estatal como federal, para poseer una

licencia de armas y solicitó que se revocara la determinación del Negociado.

Luego de varias incidencias procesales, el 3 de junio de 2025, el Negociado, por conducto del Estado Libre Asociado de Puerto Rico, interpuso una solicitud de *Sentencia Sumaria*. En particular, alegó que procedía la disposición del pleito mediante la vía sumaria porque era un hecho incontrovertido y sustentado por la prueba presentada, que el señor García Alfonso estaba excluido de poseer una licencia de armas por disposición expresa del Art. 2.09 de la Ley de Armas, *supra*. Ello debido a que este había sido convicto de delito grave por violaciones al Art. 404 de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, conocida como la Ley de Sustancias Controladas de Puerto Rico, 24 LPRA sec. 2101, *et seq.* Así, concluyó que el señor García Alfonso no cumplía con la totalidad de los requisitos estatuidos para obtener una licencia de armas y solicitó la desestimación con perjuicio del recurso.

En respuesta, el 1 de agosto de 2025, el señor García Alfonso instó su *Moción en Oposición a Sentencia Sumaria Presentada por el Departamento de Justicia y en Solicitud de Sentencia Sumaria a Favor del Querellante*. En síntesis, arguyó que, si bien no existían hechos en controversia que impidieran la solución del caso por la vía sumaria, entendía que el Negociado había actuado contrario a la ley al realizar una búsqueda sobre unos delitos que habían sido eliminados de sus antecedentes penales. Asimismo, sostuvo que resultaba en un fracaso de la justicia negarle su derecho constitucional a poseer armas, penalizándolo perpetuamente por unos actos por los cuales ya había cumplido con la ley y la sociedad.

Así las cosas, el 30 de septiembre de 2025, el foro primario emitió la *Sentencia Sumaria* aquí apelada. Mediante dicha determinación, el TPI concluyó que no existía controversia en cuanto a que el señor García Alfonso había resultado convicto por

violaciones a tres (3) delitos graves y que estas habían sido posteriormente eliminadas por resolución a tales efectos. Sin embargo, razonó el foro apelado que, si bien el señor García Alfonso poseía un certificado negativo de antecedentes penales, el Negociado, al recibir su solicitud y realizar una investigación de los archivos digitales, conforme exige el Art. 2.02(d)(3) de la Ley de Armas, *supra*, advino en conocimiento de que este había sido convicto por delito grave. Por lo que, aun cuando la parte apelada contara con un certificado negativo de antecedentes penales, ello no era suficiente para que el Negociado considerara y expidiera una licencia de armas a su favor. Por tal razón, concluyó que el señor García Alfonso no cumplía con todos los requisitos establecidos en la Ley de Armas, *supra*, y en consecuencia, concedió la solicitud de sentencia sumaria instada por el Negociado.

En desacuerdo, el 30 de octubre de 2025, el señor García Alfonso acudió ante este foro revisor mediante un recurso de *Apelación* y le imputó al foro de instancia la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia al declarar ha lugar la Moción de Sentencia Sumaria contra el Sr. William García Alfonso al resolver que: "...si bien es cierto que García Alfonso cumplió pena por los delitos graves a los que el NPPR hace referencia y el tribunal emitió resolución eliminando sus antecedentes penales; es forzoso concluir que, de la investigación realizada, resultó que García Alfonso no cumplía con todos los requisitos establecidos en la Ley de Armas. Ello en vista de que el artículo 2.09 de la Ley de Armas, supra, dispone expresamente que la Oficina de Licencias de Armas no expedirá licencia de armas a cualquier persona que haya sido convicta de cualquier delito grave. Por tanto, aún cuando García Alfonso contara con un certificado negativo de antecedentes penales, este era insuficiente para que el NPPR considerara su solicitud de licencia de armas."

> Erró el Tribunal de Primera Instancia al perpetuar el castigo y no creer en la rehabilitación de conformidad al [n]orte de nuestro sistema de [j]usticia.

El 1 de diciembre de 2025, mediante un escrito intitulado *Alegato*, el Gobierno de Puerto Rico, por conducto de la Oficina del

Procurador General de Puerto Rico (parte apelada), compareció ante este foro revisor. Contando con el beneficio de la comparecencia de las partes, resolvemos.

**II.**

**A. Derecho constitucional a poseer y portar armas**

La Segunda Enmienda de la Constitución de los Estados Unidos reconoce el derecho a la posesión y portación de armas, el cual se halla estrechamente vinculado al derecho a preservar la vida. *District of Columbia v. Heller*, 554 US 570 (2008). En *McDonald v. City of Chicago*, 561 US 742 (2010), el Tribunal Supremo Federal sostuvo, que, bajo aplicación de la doctrina de incorporación selectiva de la Decimocuarta Enmienda de la Constitución de los Estados Unidos, el derecho individual de poseer y portar armas es un derecho fundamental el cual se extiende a los Estados en virtud del principio del debido proceso de ley.

No obstante, en el propio caso de *McDonald v. City of Chicago*, supra, el Tribunal Supremo Federal consignó que este derecho no es uno ilimitado, como tampoco lo es, a modo de ejemplo, el derecho a la libertad de expresión. Antes bien, la jurisprudencia interpretativa ha reconocido procedente en derecho la reglamentación y/o legislación referente a la posesión y portación de armas de fuego. *District of Columbia v. Heller*, supra, págs. 625-627; *McDonald v. City of Chicago*, supra, pág. 786.

**B. Ley Núm. 168 de 11 de diciembre de 2019, según enmendada**

La Ley Núm. 168 de 11 de diciembre de 2019, mejor conocida como la "Ley de Armas de Puerto Rico de 2020", 25 LPRA sec. 461 *et seq.* se aprobó con el propósito de salvaguardar y proteger los derechos de los ciudadanos americanos residentes en Puerto Rico, atemperando la precitada ley con las disposiciones federales aplicables y estableciendo que, en Puerto Rico, el portar armar de

fuegos es un derecho fundamental e individual al igual que en Estados Unidos. Véase, Exposición de Motivos de la Ley de Armas.

Fundamentado en lo anterior la Ley de Armas, *supra*, establece taxativamente en su Art. 2.02 los requisitos que debe cumplir una persona para que se le otorgue un permiso de portar armas, a saber:

> (1) Haber cumplido veintiún (21) años de edad; o haber cumplido dieciocho (18) años de edad y haber juramentado como integrante del Negociado de la Policía, Policía Municipal u Oficial de Custodia del Departamento de Corrección.
>
> (2) **Tener un expediente negativo de antecedentes penales y no encontrarse acusado y pendiente o en proceso de juicio por algunos de los delitos enumerados en el Artículo 2.09 de esta Ley o sus equivalentes, tanto en Puerto Rico, como en cualquier jurisdicción de Estados Unidos, a nivel federal o en cualquier país extranjero**.
>
> (3) No ser adicto a sustancias controladas o ebrio habitual.
>
> (4) No estar declarado incapaz mental por un Tribunal con jurisdicción.
>
> (5) No haber sido separado de manera deshonrosa de las fuerzas armadas, de alguna agencia del orden público o por algunos de los delitos enumerados en el Artículo 2.09 de esta Ley o sus equivalentes, tanto en Puerto Rico, como en cualquier jurisdicción de Estados Unidos, o por el uso indebido de su arma de fuego.
>
> (6) No incurrir ni pertenecer a organizaciones que incurran en actos de violencia o dirigidos al derrocamiento del gobierno constituido.
>
> (7) No estar bajo una orden del tribunal, o haber estado en cualquier momento durante los pasados doce meses previos a la fecha de solicitud, que le prohíba acosar, espiar, amenazar o acercarse a un compañero íntimo, algún familiar de este o a persona alguna.
>
> (8) Ser ciudadano o residente legal de Estados Unidos de América.
>
> (9) No ser persona impedida por el "Federal Gun Control Act of 1968" a recibir, transportar o enviar armas de fuego o municiones.
>
> […]
>
> (Énfasis nuestro) (25 LPRA sec. 462a).

A su vez, la precitada ley dispone que, a partir de que se acepte la solicitud para la expedición de la licencia de armas, la Oficina de Licencia de Armas deberá determinar y certificar por escrito si el

peticionario cumple con los requisitos establecidos para la expedición de licencia de armas. Para ello, deberá realizar una investigación "en los archivos digitales de cualquier agencia gubernamental de Puerto Rico, de Estados Unidos o cualquier subdivisión política de este, de cualquier entidad extranjera o internacional a la que pueda tener acceso, incluyendo los archivos del *National Crime Information Center (NCIC)*, del *National Instant Criminal Background Check System (NICBCS)*, el Sistema de Información de Justicia Criminal (SIJC-PR) y el Registro Criminal Integrado (RCI)." (25 LPRA sec. 462a). Además, la referida ley dispone expresamente que **la Oficina de Licencias de Armas no expedirá una licencia de armas a cualquier persona que haya sido convicta en Puerto Rico de cualquier delito grave** o su tentativa, por delito menos grave que conlleve violencia, por conducta constitutiva de violencia doméstica o de acecho o maltrato de menores. (Énfasis nuestro) (25 LPRA sec. 462h). Ahora bien, si de la investigación realizada de los archivos digitales resultara que la persona no cumple con todos los requisitos establecidos en la referida ley, la licencia de armas no le será concedida. (25 LPRA sec. 462a).

El peticionario al que le haya sido denegada su solicitud de licencia podrá presentar a la Oficina de Licencias de Armas una reconsideración dentro de los próximos quince (15) días naturales siguientes a la denegatoria de la otorgación de la licencia. (25 LPRA sec. 462a). La agencia tendrá igual plazo para emitir una determinación y atenderla. De sostenerse la denegatoria, o de no emitirse determinación respecto a la reconsideración, la persona podrá acudir al Tribunal de Primera Instancia para la revisión de la decisión administrativa. *Íd.*

En el caso de que sea necesario acudir al foro judicial, los requisitos exigidos para la expedición de una licencia de armas

dispuestos en el Art. 2.02 de la Ley de Armas, *supra,* serán considerados por el tribunal al momento de evaluar la concesión del permiso de portación. Al dirimir sobre la aplicación de dichas disposiciones en la Ley de Armas, *supra,* el Tribunal Supremo expuso lo siguiente en *Cancio, ex parte,* 161 DPR 479, 490-491 (2004):

> Si la intención del legislador al promulgar la Ley Núm. 404[1], ante, fue conceder, mediante la aprobación de un permiso de portación, la facultad de portar o transportar cualquiera de las armas que el concesionario posea legalmente, los tribunales estamos impedidos de limitar o restringir dicha facultad. Es más, aun si entendiéramos que el mecanismo propuesto por la Legislatura no es el adecuado, definitivamente no le correspondería a la Rama Judicial enmendarlo o corregirlo. En innumerables ocasiones hemos señalado que los tribunales no podemos, en nuestra función interpretativa, añadir condiciones o restricciones que no fueron previstas por el legislador al momento de promulgar la legislación bajo análisis.
>
> Asimismo, hemos expresado que cuando la letra de una ley no tiene ambigüedades y su lenguaje es claro y sencillo, como en efecto ocurre en el caso de autos, **los tribunales no están autorizados a adicionarle limitaciones o restricciones que no aparezcan en su texto.** *Íd.* **El alcance de un estatuto, cuyo lenguaje es sencillo y absoluto, no puede ser restringido interpretándolo como que provee algo que el legislador no intentó proveer**. Ello, sin lugar a dudas, equivaldría a invadir las funciones de la Asamblea Legislativa. (Citas omitidas, énfasis nuestro).

De otra parte, en lo pertinente al caso ante nuestra consideración, nuestro Máximo Foro resolvió recientemente que la eliminación de antecedentes penales o la expedición de un Certificado de Antecedentes Penales negativo no obliga al Negociado de la Policía a conceder una licencia de armas. *JHV v. Negociado de la Policía,* 2025 TSPR 139, resuelto el 12 de diciembre de 2025. El Tribunal Supremo aclaró que, conforme a la Ley de Armas, *supra,* la Oficina de Licencias de Armas tiene el deber ministerial de

---

[1] La Ley Núm. 404 de 11 de septiembre de 2000 fue derogada por la Ley Núm. 168-2019.

verificar, mediante los archivos digitales oficiales a los que tenga acceso, incluyendo el Sistema de Información de Justicia Criminal (SIJC-PR), si el solicitante cumple con todos los requisitos estatutarios, independientemente del contenido del certificado de antecedentes penales presentado. *Íd.*

Asimismo, el Tribunal sostuvo que cuando del proceso investigativo surge la existencia de una convicción por delito grave, se activa automáticamente la prohibición contenida en el Art. 2.09 de la Ley de Armas, *supra*, sin margen alguno para el ejercicio de discreción administrativa. *JHV v. Negociado de la Policía*, supra. Sin embargo, el Tribunal reconoció que nuestro ordenamiento jurídico provee mecanismos específicos para la corrección de información penal en los sistemas oficiales, como los dispuestos en la Ley Núm. 143-2014, *infra*, sin que ello limite la obligación del Negociado de actuar conforme a la información vigente que surja de dichos sistemas. *Íd.*

**C. Ley Núm. 143 de 26 de agosto de 2014, según enmendada**

La Ley Núm. 143-2014, según enmendada, mejor conocida como "Ley del Protocolo para Garantizar la Comunicación Efectiva entre los Componentes de Seguridad del Estado Libre Asociado de Puerto Rico y del Sistema de Información de Justicia Criminal (Ley Núm. 143-2014), fue aprobada con el propósito fundamental de implementar un sistema tecnológico y un procedimiento uniforme que garantice el intercambio efectivo de información entre las entidades gubernamentales del Gobierno de Puerto Rico vinculadas a la seguridad pública del país, así como aquellas que se encuentran estrechamente relacionadas, a fin de maximizar el funcionamiento del Sistema de Información de Justicia Criminal. (4 LPRA sec. 522 nota). En esencia, pretende asegurar a la ciudadanía que las agencias gubernamentales responsables de combatir la

criminalidad cumplen su función de la manera más eficiente posible. *Íd.*

La mencionada pieza legislativa dispone que corresponde al Departamento de Justicia, al Negociado de Policía de Puerto Rico, al Departamento de Corrección y Rehabilitación y al Poder Judicial, y a los demás componentes de la Junta Ejecutiva del SIJC-PR, asegurarse que el sistema tecnológico y procedimiento uniforme provea la siguiente información de naturaleza criminal, tanto de delitos graves como menos graves, entre otras:

> a. Denuncias
> b. Órdenes de Arresto
> c. Requisitorias y Contrarequisitorias
> d. Determinaciones de causa en todas las etapas del procedimiento criminal, incluyendo vista de determinación de causa para arresto y vista preliminar
> e. **Sentencias**
> f. Minutas de vista de seguimiento en las probatorias
> g. Órdenes de Protección vigentes
> h. Fugas de las instituciones carcelarias del país
> i. Determinaciones de Causa en alzada
> j. Desacatos
> k. Determinaciones sobre improcesabilidad y/o inimputabilidad al amparo de las Reglas 240 y 241 de las de Procedimiento Criminal
> l. Revocaciones de Probatoria
>
> […]
>
> (Énfasis nuestro) (4 LPRA sec. 533e).

En cuanto a los datos registrados en el sistema de información, establece lo siguiente:

> […]
>
> El Comité tomará todas las medidas necesarias para asegurar al máximo posible la seguridad y corrección de toda aquella información que sea recopilada a través del Sistema y para la protección individual de los derechos de privacidad de acuerdo con los principios constitucionales del Estado Libre Asociado. Además, tomará todas las medidas necesarias para asegurarse que no se tendrá en el Sistema de Información de Justicia Criminal dato alguno relativo a la afiliación o actividad política de persona alguna. Asimismo, tomará todas las medidas necesarias para asegurarse de que todo dato relativo a convicciones cuya eliminación del r[é]cord penal de una persona haya sido ordenado por un Tribunal competente sea efectiva y totalmente eliminada del Sistema de Información de Justicia Criminal, incluyendo

pero sin que esto se entienda como una limitación, las memorias de cualesquiera computadoras utilizadas por el Sistema.

(Énfasis nuestro) (4 LPRA sec. 533e)

En otras palabras, la Ley Núm. 143-2014, *supra*, implementa un sistema uniformado que facilita el intercambio eficiente de información entre las agencias gubernamentales de Puerto Rico relacionadas con la seguridad pública y les impone la obligación de divulgar cualquier dato relativo a condenas por delitos, ya sean graves o menos graves, incluyendo las determinaciones de causa en todas las etapas del procedimiento criminal y las correspondientes sentencias. No obstante lo anterior, el Comité está obligado a tomar todas las medidas necesarias para garantizar que cualquier información sobre condenas, cuya eliminación haya sido ordenada por un tribunal competente, sea completamente eliminada del SIJC.

Así, cualquier persona que entienda que toda o parte de la información recopilada por el SIJC-PR bajo su nombre es incorrecta, incompleta o no autorizada por ley, puede radicar una reclamación por escrito a tales efectos ante el Director Administrativo del SIJC-PR. (4 LPRA sec. 533i). La reclamación deberá contener los fundamentos de su alegación, la data complementaria o sustitutiva que, según éste, debe aparecer en el récord y la información específica que alegadamente se ha registrado sin base legal. *Íd.* La reclamación que se presente, así como la revisión judicial que proceda, deberá cumplir con las disposiciones de la Ley Núm. 38-2017, según enmendada, mejor conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico", 3 LPRA sec. 9601 *et seq.*

**III.**

Por estar intrínsecamente relacionados entre sí, procederemos a discutir los errores señalados de manera conjunta.

En su recurso, la parte apelante sostiene que incidió el foro primario al declarar *Ha Lugar* la Moción de Sentencia Sumaria presentada en su contra y, en consecuencia, resolver que no cumplía con todos los requisitos de la Ley de Armas, *supra*, para la expedición de una licencia de armas a su favor. Asimismo, alega que el foro primario erró al perpetuar el castigo y no creer en la rehabilitación, conforme a los principios de justicia que imperan en nuestro ordenamiento jurídico.

Por su parte, el Gobierno de Puerto Rico, por conducto de la Oficina del Procurador General de Puerto Rico, aduce que el Negociado estaba impedido de expedir una licencia de armas a la parte apelante, toda vez que este posee convicciones por delito grave. En ese sentido, arguye que el Negociado tenía la obligación estatutaria de realizar un cotejo de los antecedentes penales del señor García Alfonso, así como de investigar los archivos digitales de las agencias gubernamentales de Puerto Rico, Estados Unidos y el extranjero a las que tuviera acceso, para certificar si este cumplía o no con los requisitos establecidos en la Ley de Armas, *supra*. Alega que, en cumplimiento de dicho mandato, la investigación efectuada reflejó la existencia de convicciones por delito grave, por lo que la parte apelante no cumple con los requisitos para la expedición de una licencia de armas a su favor.

La controversia medular en el presente caso consiste en determinar si el señor García Alfonso cumple o no con los requisitos establecidos en la Ley de Armas, *supra*, para la expedición de una licencia de armas a su favor. Ello tras el Negociado haber realizado una investigación en los archivos digitales de las agencias gubernamentales de Puerto Rico. En particular, la parte apelante arguye que existen discrepancias entre el requisito de poseer un expediente negativo de antecedentes penales y no haber sido

convicto en Puerto Rico u otra jurisdicción de cualquier delito grave como resultado de la investigación efectuada.

De entrada, resulta un hecho innegable que lo resuelto por el Tribunal Supremo de Puerto Rico en *JHV v. Negociado de la Policía*, supra, resuelve la controversia ante nuestra consideración. Allí, nuestro Más Alto Foro resolvió expresamente que, el hecho de que una persona presente un certificado de antecedentes penales negativo no abre la puerta automáticamente a que el Negociado le conceda una licencia de armas. Ello pues, este es solo uno de varios criterios que se deben cumplir para que se pueda expedir una licencia de armas. Por tal razón, resulta forzoso concluir que no se cometieron los errores señalados por el señor García Alfonso. *Veamos.*

En este caso, si bien el señor García Alfonso cuenta con una certificación negativa de antecedentes penales, ello no equivale de por sí a la inexistencia de convicciones por delito grave reflejadas en los sistemas de información oficiales del Gobierno de Puerto Rico. En efecto, la investigación realizada por el Negociado en las bases de datos digitales a las que tiene acceso arrojó como resultado la existencia de convicciones por delito grave atribuibles a la parte apelante. Recordemos que la certificación negativa de antecedentes penales en este caso surgió como resultado de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, en el caso AG2019CV01646. No obstante, dicha determinación no sustituye ni limita el deber independiente del Negociado de verificar el cumplimiento de los requisitos de la Ley de Armas, *supra*, mediante la investigación de los archivos digitales, según lo exige el estatuto.

Según fuera reseñado previamente, el Art. 2.09 de la Ley de Armas, *supra*, dispone **expresamente** que la Oficina de Licencias de Armas no expedirá licencia de armas a cualquier solicitante que,

entre otras cosas, haya sido convicto de cualquier delito grave. El lenguaje de dicho artículo es claro e inequívoco y no concede discreción alguna al Negociado en estos casos. A su vez, el Art. 2.02 (d)(3) de la Ley de Armas, *supra*, establece que, para evaluar la concesión de una licencia de armas, la Oficina de Licencias de Armas del Negociado deberá realizar una investigación **en los archivos digitales** de cualquier agencia gubernamental de Puerto Rico o exterior a los que pueda tener acceso, con el fin de certificar el cumplimiento con los requisitos establecidos en la Ley.

Así, aun cuando un solicitante presente una certificación de negativa de antecedentes penales, la Ley de Armas, *supra*, impone al Negociado la obligación de verificar, mediante los archivos digitales disponibles, si existen convicciones que impidan la expedición de la licencia solicitada. Ello, sin perjuicio de que los solicitantes puedan acudir al procedimiento dispuesto en el Art. 12 de la Ley Núm. 143-2014, *supra*, a los fines de que se corrija la información que figura en el SIJC-PR y se reflejen los cambios que han tenido sus expedientes penales.

Ahora bien, en el presente caso, la investigación efectuada reflejó la existencia de convicciones por delito grave, lo cual activó automáticamente la prohibición contenida en el Art. 2.09 de la Ley de Armas, *supra*. Nuestro más Alto Foro razonó que los entes administrativos no tienen discreción para autorizar la posesión de un arma de fuego cuando los registros digitales a los que tiene acceso el Negociado reflejan que el solicitante tiene un expediente con convicciones penales. *JHV v. Negociado de la Policía,* supra. En consecuencia, al surgir del proceso investigativo requerido por ley que el señor García Alfonso fue convicto por un delito grave, la Oficina de Licencias de Armas del Negociado tenía el deber ministerial de denegar la licencia solicitada, sin margen alguno para el ejercicio de discreción.

Por tal razón, colegimos que no se cometieron los errores señalados por la parte apelante. Cónsono con ello, concluimos que el TPI actuó conforme a derecho, sin incurrir en prejuicio o parcialidad, abuso craso de discreción, ni error en la interpretación de cualquier norma procesal o de derecho sustantivo.

**IV.**

Por los fundamentos antes esbozados, se confirma la *Sentencia Sumaria* emitida el 30 de septiembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones